UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1 through 12, <br><br> Defendants. | Case No. 12cv1475 CAB (WMc) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE** |

**I. BACKGROUND**

On June 18, 2012, Plaintiff, Patrick Collins, Inc., filed a complaint against John Does 1 through 12 for copyright infringement. (Doc. No. 1.) On June 19, 2012, Plaintiff filed a Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference in order to ascertain the identities of the Doe Defendants. (Doc. No. 4.)

In the complaint, Plaintiff asserts the defendants are liable for both direct and contributory copyright infringement. (Compl. at 1; Doc. No. 1.) Plaintiff alleges it owns the copyright for a movie the Doe Defendants copied and distributed without consent using BitTorrent, a peer-to-peer file sharing system. (*Id.* at 7.) To identify the Internet Protocol (IP) addresses of the defendants using the BitTorrent protocol to infringe upon the copyrighted work, Plaintiff hired computer investigators, IPP, Limited. (*Id.* at 6.)

Since it can only identify the defendants by the IP addresses used, Plaintiff wishes to

serve a Rule 45 subpoena on the Internet Service Providers (ISPs) that issued the IP addresses to the defendants. (Pl.'s Mot. at 1; Doc. No. 4.) The proposed subpoena will request the name, address, telephone number, e-mail address, and Media Access Control (MAC) address, a unique number identifying the computer associated with the IP address, of each defendant. (*Id.*)

Plaintiff claims good cause exists to grant the motion because: (1) it has sufficiently pled copyright infringement, (2) it cannot identify the defendants without the discovery requested, (3) the ISPs may destroy their logs prior to a Rule 26(f) conference, (4) the information sought is limited and specific, (5) the requested discovery is necessary to pursue a suit against the defendants, and (6) Plaintiff's interest in the requested information outweighs the Doe Defendants' privacy concerns. (*Id.* at 3-5.)

**II. STANDARD OF REVIEW**

Unless a court order permits early discovery, it is not allowed until parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice with the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Specifically, in internet-related copyright infringement cases, the court may find good cause to allow early discovery to identify unknown defendants when: (1) the complaint alleges a prima facie case of copyright infringement, (2) there is no other way to identify the defendant(s) and proceed with the case, and (3) there is a chance the ISP may not preserve the needed contact information. *UGM Recordings, Inc. v. Doe.*, No. C 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008); *see also Arista Records LLC v. Does 1-43*, No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007). In addition, the potential for prejudice towards the defendant is reduced if the discovery is narrowly tailored to request only the information needed to initiate suit. *UGM Recordings*, 2008 WL 4104214, at *4. If a plaintiff can satisfy the necessary elements, the court may allow early discovery to prevent ongoing harm to the plaintiff. *Id.*

In *Arista Records*, the defendants used an online distribution system to download or share

the plaintiff's copyrighted works without consent. 2007 WL 4538697, at *1. The plaintiff was only able to identify the defendants by the IP addresses assigned to them at the time they downloaded the works and wished to serve a discovery request on the ISP in order to obtain the true identities of the defendants. *Id.* The Court found good cause to order early discovery because the plaintiff sufficiently alleged copyright infringement in its complaint, the information requested was necessary to proceed with the case, there existed a risk that the ISP would not preserve the information, and the discovery request only asked for the basic contact information of the unknown defendants. *Id.* The order ultimately issued by the Court in *Arista Records* allowed the plaintiff to request enough information to identify each defendant, including their names, current and permanent addresses, telephone numbers, e-mail addresses, and MAC addresses. *Id.*

Similarly, in *UGM Recordings* the court found good cause to grant the plaintiff early discovery to identify an unknown defendant who downloaded the plaintiff's copyrighted music recordings via an online peer-to-peer system. 2008 WL 4104214, at *2. The plaintiff only had access to the IP address used to download the recordings and intended to serve a subpoena on the ISP to determine the identity of the defendant. *Id.* First, the plaintiff satisfied the requirement for sufficiently alleging copyright infringement by showing it owned a valid copyright and the copyrighted works were distributed without its consent over the internet. *Id.* at *5. Second, the plaintiff could only identify the defendant by an IP address and, therefore, could not proceed with a suit absent the requested discovery. *Id.* Third, the plaintiff alleged, without early discovery, there was a risk the ISP could have disposed of the logs that contained the requested information. *Id.* In addition, the plaintiff showed it could not truly identify the defendant apart from asking the ISP and would suffer ongoing harm if not given the opportunity to file a suit. *Id.* The plaintiff further alleged there was no prejudice towards the defendant since it asked only for the contact information required to serve process. *Id.* The *UGM Recordings* court granted the plaintiff's motion for early discovery allowing it to request the defendant's name, address, telephone number, e-mail address, and MAC address. *Id.* at *6.

In addition to the test developed by courts addressing internet-based copyright

infringement, some courts have looked to a more generalized set of factors when deciding motions for early discovery to identify unknown defendants. *See, e.g.*, *Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at \*2 (N.D. Cal. Oct. 7, 2011); *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, No. 12-CV-0186 MMA, ECF, 2012 WL 1648838, at \*3 (S.D. Cal. May 4, 2012). The factors are as follows: first, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show the requested discovery will uncover the necessary information. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**III. DISCUSSION**

After careful consideration of Plaintiff's Motion, the Court finds Plaintiff has satisfied either test used to analyze motions for early discovery in internet related copyright infringement cases. Accordingly, the Motion is **GRANTED**.

Specifically, Plaintiff has properly alleged copyright infringement by claiming it owns the copyright for the movie at issue and the defendants copied the movie without its consent. (Pl.'s Mot. at 3; Doc. No. 4.) Second, Plaintiff shows the discovery request is necessary to identify the defendants since only an ISP can identify the person using an IP address. (*Id.* at 4.) Third, since ISPs maintain their logs for a limited period of time, Plaintiff alleges there is a great risk the needed information will not be maintained without early discovery. (*Id.*) In addition, Plaintiff only requests the name, address, telephone number, e-mail address and MAC address of each defendant, limiting the amount of prejudice to the defendants. (*Id.* at 5.) The requested information is necessary to proceed with a suit, therefore, potential harm towards the Doe Defendants is outweighed by Plaintiff's interest in obtaining justice.

The more general factors set out in *Columbia Ins.* are also satisfied by Plaintiff's Motion. First, Plaintiff sufficiently identified each defendant by providing the IP addresses used to copy and distribute the movie. (Exhibit B; Doc. No. 4-3.) Second, Plaintiff has tried to identify the

defendants by hiring a computer investigator. (Compl. at 6; Doc. No. 1.) Third, Plaintiff alleges a prima facie case of copyright infringement that will likely withstand a motion to dismiss. (Pl.'s Mot. at 3; Doc. No. 4.) Finally, the plaintiff claims the ISPs maintain records that contain the information they seek. (*Id.* at 1.)

**IT IS HEREBY ORDERED** that:

1. Plaintiff may serve third-party subpoenas to Cox Communications, Road Runner, and TelePacific Communications to identify the names, addresses, telephone numbers, e-mail addresses, and MAC addresses of the twelve (12) defendants identified by the IP addresses listed in Exhibit B. (Doc. No. 4-3.)

2. Plaintiff may only use the information obtained from the ISPs in furtherance of this lawsuit.

3. Plaintiff shall provide a copy of this Order, along with any subpoena served, to Cox Communications, Road Runner, and TelePacific Communications.

**IT IS SO ORDERED.**

DATED: July 23, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court