Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for:  Putative John Doe "X" in 3:12-cv-1475-CAB-WMC

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 12,<br><br>Defendants. | Case Number:  3:12-cv-1475-CAB-WMC<br><br>Assigned to Hon. Cathy Ann Bencivengo[1]<br>Referred to Hon. William McCurine, Jr.<br><br>**JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) SEVER AND DISMISS ALL JOHN DOES OTHER THAN DOE NO. 1; AND (2) QUASH ALL OUTSTANDING SUBPOENAS**<br><br>Hearing Date:  November 30, 2012<br>Hearing Time:  1:30 p.m.<br>Hearing Room:  Courtroom 2<br>                               Before Judge Bencivengo[2] |

---

[1] Possible transfer pending per Notice of Related Cases filed by undersigned September 21, 2012.

[2] Since severance is normally an issue for the District Judge, this motion has been noticed to the District Judge.  However, since this motion also involves the interrelated issue of the propriety of third-party subpoenas, it can also be considered a discovery matter.  Movant has no objection to the referral of the motion to the Magistrate Judge for a consolidated order and recommendation.

# NOTICE OF MOTION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**

**PLEASE TAKE NOTICE** that the putative John Does whose "Doe Numbers" appear on the caption above, in the above-entitled actions ("**Moving Parties**") by and through counsel, both individually and collectively, hereby make a motion, to be heard on the date at the place indicated on the caption that the Court:

(1) ***Sever all of the John Does, other than John Doe No. 1*** from the instant action, and from all related actions pending in this District, pursuant to Fed. R. Civ. Proc. 21. The Court should decide the permissive joinder issue now,[3] sever all of the Does other than Doe No. 1, and dismiss the claims against the other Does without prejudice, on the following grounds:

(A) Plaintiff's theory of "swarm joinder" is being rejected by a majority of Courts across the country. Defendants merely "committed the same type of violations in the same way" which is not enough to satisfy the transactional relatedness test. *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 3 (McMahon, J.) (severing Does, collecting cases and noting "[t]here is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong"); *cf. AF Holdings LLC v. Does 1-1,058*, D.D.C. Case No. 12-cv-0048 Dkt. 46, 8/6/12 (Howell, J.) (denying ISP's motion to quash but certifying swarm joinder issue for interlocutory appeal to the D.C. Circuit).

(B) Plaintiff alleges that the John Does downloaded pieces of the same file *months apart from one another*. Thus, even if the "swarm joinder" theory were viable (a dubious proposition), the Does here are not really part of the "same swarm," and therefore the downloads are not part of the same "transaction or occurrence." *E.g., Malibu*

---

[3] *Hard Drive Prod's., Inc. v. Does 1-90*, N.D. Cal. Case No. 5:11-cv-3852-HRL ("simultaneous consideration of the application for early discovery and joinder has become the norm for courts in this district faced with similar cases. See, e.g., Hard Drive Prods. v. Doe, 2011 U.S. Dist. LEXIS 89858 (N.D. Cal. Aug. 12, 2011); Boy Racer v. Does, 2011 U.S. Dist. LEXIS 86746 (N.D. Cal. Aug. 5, 2011); Diabolic Video Prods. v. Does 1-2099, 2011 U.S. Dist. LEXIS 58351 (N.D. Cal. May 31, 2011)").

*Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5 ("The loose proximity of the alleged infringements (March 5, 2012–April 12, 2012) does not show that these Defendants participated in the same swarm"); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011) Case No. 11-cv-01566, Dkt. No. 18 ("*Hard Drive Prods.*") (same, 63 days); *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464, 8-9 (S.D.N.Y. Sept. 26, 2011) (for defendants to be part of same "swarm," must have downloaded movies at "overlapping" times).

      (C) Although there are some common questions of law and fact, sufficient that plaintiff's multiple cases should be related, if discovery proceeds, the different "questions of law or fact" between the different Does in the same cases will predominate, given that each Doe will have different factual scenarios and legal defenses (*e.g.*, who had access to the Does' Wifi network?). *See In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012), Case No. CV-11-3995-DRH-GRB, Dkt. No. 39 ("*In re: Adult Film Cases*") (noting the "panoply of individual" defenses the different Doe defendants will have, and finding that "[t]he individualized determinations required far outweigh the common questions in terms of discovery, evidence, and effort required.").

      (D) Even if joinder were permissible, the Court should still exercise its discretion and sever the Does in light of the "abusive litigation tactics" **of this particular plaintiff** and the burden on the Courts, the ISPs and the Does. *E.g., Hard Drive Prod's.*, *supra*, 809 F. Supp. at 1164; *Next Phase Distrib., Inc. v. Does 1-27*, 2012 U.S. Dist. LEXIS 107648, 11-12 (S.D.N.Y. July 31, 2012) (addressing split in authority on "swarm joinder," but severing Does as a matter of the Court's discretion for the reasons set forth in *In re: Adult Film Cases*); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (court has discretion to deny permissive joinder even when test is met).

(2) **_Quash All Outstanding Subpoenas for All John Does Other Than John Doe No. 1,_** pursuant to Fed. R. Civ. Proc. 45(c)(3), on the following grounds:

(A) After courts sever mis-joined Doe defendants, they also quash the outstanding subpoenas seeking to identify those Doe Defendants. *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, pp. 23-25; *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 7 ("Because I have severed and dismissed all of the claims against the defendants, I hereby, *sua sponte*, quash any subpoena that may be outstanding to any Internet service provider seeking information about the identity of any John Doe other than John Doe 1. Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant."). To do otherwise would only encourage plaintiffs to try and avoid paying statutorily required filing fees by mis-joining as many Does as possible, and then forcing the Does to file, and the Court to hear, motions for severance.

(B) The Court should have denied plaintiff's **_unopposed_** request for early discovery in the first place, and should now vacate the order authorizing plaintiff to issue subpoenas, and quash all outstanding subpoenas, for the following reasons:

i. Multiple courts have held that early discovery should be denied in cases like these because the requested discovery is not "very likely" to reveal the identities of the actual defendants, as required under *Gillespie v. Civiletti*. *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011) ("*Hard Drive Prods.*") (denying early discovery because "It is abundantly clear that plaintiff's requested discovery is not '**_very likely_**' to reveal the identities of the Doe defendants."); *citing Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980); *see also, e.g., AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, p. 6 ("*AF Holdings*") (denying requested early discovery because it was not "**_very likely_** to

-3-
**JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) SEVER AND DISMISS ALL JOHN DOES OTHER THAN DOE NO. 1; (2) QUASH ALL OUTSTANDING SUBPOENAS**

enable Plaintiff to identify the doe defendants."); *AF Holdings, LLC v. John Doe*, D. Min. Case No. 12-cv-1445, Dkt. No. 7, 7/5/12 (denying early discovery because "the requested discovery was '***not very likely***' to reveal the identity of the alleged infringer"). Plaintiff presents no plan for how it intends to go from indentifying ISP subscribers to identifying actual John Doe defendants; and in reality, plaintiff does not care to do so. It simply wants to extort "settlements" from ISP subscribers, upon threat of publicly "naming" them in a lawsuit alleging they illegally downloaded pornography, regardless of whether they committed the alleged infringement or not.

        ii.        Accepting, *arguendo*, plaintiff's assumption that the ISP subscribers it seeks to identify are the actual John Doe defendants, the subpoenas should still be quashed. Courts routinely hold that in online file sharing cases, before third party subpoenas can be issued, the Does' limited First Amendment right to anonymity must be considered. *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection."); *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 (Howell, J.) ("file-sharers are engaged in expressive activity, on some level, when they share files on BitTorrent, and their First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants anonymity by compelling production of the defendants' identifying information."). While many courts rightly conclude that file sharing is not really pure speech, and thus only afforded very limited First Amendment protection, *on the facts here*, the plaintiff's need for civil discovery should not trump the Does' limited First Amendment rights. Where plaintiffs have sought to identify anonymous John Doe defendants in online file-sharing cases through the use of third party subpoenas, courts have generally applied four factors—the so-called *Semitool* factors (*Semitool, Inc. v. Tokyo*

*Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)) to strike the balance.[4] However, **the subpoenas plaintiff sought to issue fail on two of the Semitool factors**:

      a.     Here, in light of plaintiff's extensive track record of filing hundreds of lawsuits, issuing subpoenas seeking to identify thousands of people, and then dismissing almost all of the cases without prejudice at or near the deadline for service of process, there is serious reason to doubt that the discovery requested here is "reasonably likely" to help *effectuate service on a defendant*. Here, "it is evident that expedited discovery will not lead to identification of the Doe defendants or service of process. Indeed, the fact that no defendant has ever been served in one of these mass copyright cases belies any effort by plaintiff to allege that the discovery will lead to identification of and service on the Doe defendants." *Hard Drive Prods., supra*, at p. 11 (emphasis added).

      b.     Further, here, in light of the mis-joinder of unrelated Does into the same case, plaintiff's complaint could not withstand a hypothetical motion to dismiss for mis-joinder. *Hard Drive Prods., supra,* pp. 3, 8–10 (plaintiff must show that its "suit against defendant could withstand a motion to dismiss."); *see also Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232, *8 (D. Ariz. Mar. 19, 2012). As noted above, the Does here are mis-joined, so the subpoenas should not have been authorized. *Hard Drive Prod's., Inc. v. Does 1-90*, N.D. Cal. Case No. 5:11-cv-3852-HRL (severing Does at early discovery stage and noting "simultaneous consideration of the application for early discovery and joinder has become the norm for courts in this district faced with similar cases. See, e.g., Hard Drive Prods. v. Doe, 2011 U.S. Dist. LEXIS 89858 (N.D. Cal. Aug. 12, 2011); Boy Racer v. Does, 2011 U.S. Dist. LEXIS 86746 (N.D. Cal. Aug. 5, 2011); Diabolic Video Prods. v. Does 1-2099, 2011 U.S. Dist. LEXIS 58351 (N.D. Cal. May 31, 2011)").

    Moving Parties rely on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, the Declaration of Morgan E. Pietz; the pleadings and records on

---

[4] The Ninth Circuit's *Semitool* factors largely track with the Second Circuit's *Sony Music* factors.

file herein; and on such further evidence as the Court may admit at the hearing on this matter.

DATED: September 21, 2012

Respectfully submitted,

  */s/ Morgan E. Pietz*

Morgan E. Pietz (Cal. Bar No. 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile:    (310) 546-5301

Attorney for: Putative John Doe "X" in
                3:12-cv-1475-CAB-WMC

**CERTIFICATE OF SERVICE**
       I hereby certify that on September 21, 2012, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff Malibu Media, LLC, which is registered for electronic service.
       Check if Applicable:
       [ ]   Copies of these documents were also served via U.S. Mail, on this date, to the following parties, who are not registered for electronic service:
               N/A

DATED: September 21, 2012                                THE PIETZ LAW FIRM

                                                         */s/ Morgan E. Pietz*
                                                         Morgan E. Pietz
                                                         THE PIETZ LAW FIRM
                                                         Attorney for Putative John Doe(s)
                                                         E-mail: mpietz@pietzlawfirm.com

**JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) SEVER AND DISMISS ALL JOHN DOES OTHER THAN DOE NO. 1; (2) QUASH ALL OUTSTANDING SUBPOENAS**