1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br><br>JOHN DOES 1 through 34,<br><br>Defendants. | CASE NO. 3:12-CV-1475-GPC-BGS<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO SEVER AND DISMISS ALL JOHN DOES OTHER THAN DOE NO. 1**<br><br>**(2) GRANTING MOTION TO QUASH ALL OUTSTANDING SUBPOENAS EXCEPT DOE NO. 1**<br><br>[DKT. NO. 8] |

On September 21, 2012, Defendant John Doe "X" ("Defendant X") filed a motion to sever and dismiss all John Does other than John Doe Number 1 and a motion to quash all outstanding subpoenas. (Dkt. No. 8.) On November 16, 2012, Defendant Plaintiff Patrick Collins, Inc. Filed a response. (Dkt. No. 12.) On January 31, 2013, Defendant John Doe "X" filed a reply. (Dkt. No. 14.) Having been fully briefed, the Court finds the matter suitable for ruling without oral hearing. L.Civ. R. 7.1.d. For the following reasons, the Court **GRANTS** Defendant's motion to sever pursuant to

Federal Rules of Civil Procedure 20 and 21 and **GRANTS** Defendant's motion to quash all outstanding subpoenas, with the exception of Doe Number 1.

**Background**

This is an action for copyright infringement. Plaintiff Patrick Collins, Inc. ("Plaintiff" or "Patrick Collins") is the owner of United States Copyright Registration Number PA0001788806 (the "Registration") for the motion picture entitled "Anal Students" (the "Work"). (Dkt. No. 1 ("Compl.") at 2.) Plaintiff alleges that Defendants used a software program called BitTorrent to download and upload copies of the Work over the internet. (Id. at 3-4.) Plaintiff alleges that each Defendant installed a BitTorrent Client onto his or her computer. (Id.) The BitTorrent Client is a software program that implements the BitTorrent protocol and allows users to transmit data over the internet. (Id. at 3.) BitTorrent is a peer-to-peer file sharing protocol which operates by having users simultaneously upload and download pieces of a given file. (Id.) Once an individual has downloaded every piece of the sought-after file, the BitTorrent Client reassembles the pieces and the user is able to utilize the file; in this case, view the movie. (Id. at 6.)[1]

An IP address is a number that is assigned by an Internet Service Provider

---

[1] The BitTorrent protocol has been more thoroughly summarized as follows:

In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011).

1    ("ISP") to devices, such as computers, that are connected to the internet.  (<u>Id</u>. at 2.)

2    Plaintiff claims that the ISP to which an internet user subscribes can correlate the user's

3    IP address to the user's true identity.  (<u>Id</u>.)  Plaintiff retained IPP, Limited ("IPP") to

4    identify the IP addresses that used BitTorrent to reproduce and distribute the Work.

5    (<u>Id</u>. at 6.)

6         On June 18, 2012, Plaintiff brought this action against the undetermined Doe

7    users of the IP addresses identified by IPP, alleging copyright infringement and

8    contributory infringement pursuant to 17 U.S.C. §§ 106 and 501.  (<u>Id</u>. at 7-8.)  Plaintiff

9    seeks injunctive relief to prevent further unauthorized distribution as well as at least

10   $150,000 in damages per defendant.  (<u>Id</u>. at 10.)  Plaintiff asserts that joinder of all

11   Defendants is proper because Defendants all participated in reproducing the same file,

12   the Work, over BitTorrent.  (<u>Id</u>. at 6.)  Pending before this Court are Defendant Doe X's

13   motion to sever all John Does except for John Doe Number 1, and motion to quash all

14   outstanding subpoenas. (Dkt. No. 8.)

15                                    **Discussion**

16   **I.    Motion to Sever**

17        Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right

18   to relief is asserted against them jointly, severally, or in the alternative with respect to

19   or arising out of the same transaction, occurrence, or series of transactions or

20   occurrences; and (B) any question of law or fact common to all defendants will arise

21   in the action." Fed. R. Civ. P. 20(a)(2).  Rule 20(a)(2) is designed to promote judicial

22   economy and trial convenience. <u>See Mosley v. Gen. Motors</u>, 497 F.2d 1330, 1332-33

23   (8th Cir. 1974).  "The 'same transaction' requirement of Rule 20 refers to 'similarity

24   in the factual background of a claim; claims that arise out of a systematic pattern of

25   events' and have a 'very definite logical relationship.'"  <u>Hubbard v. Hougland</u>, No.

26   09-0939, 2010 U.S. Dist. WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting <u>Bautista</u>

27   <u>v. Los Angeles County</u>, 216 F.3d 837, 842-843 (9th Cir. 2000)).  In addition, "the mere

28   fact that all [of a plaintiff's] claims arise under the same general law does not

1  necessarily establish a common question of law or fact." <u>Coughlin v. Rogers</u>, 130 F.3d
2  1348, 1351 (9th Cir. 1997).

3      However, "even once [the Rule 20(a)] requirements are met, a district court must
4  examine whether permissive joinder would 'comport with the principles of
5  fundamental fairness' or would result in prejudice to either side." <u>Coleman v. Quaker</u>
6  <u>Oats Company</u>, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing <u>Desert Empire Bank v.</u>
7  <u>Insurance Co. of North America</u>, 623 F.2d 1371, 1375 (9th Cir. 1980) (finding that the
8  district court did not abuse its discretion when it severed certain plaintiff's claims
9  without finding improper joinder)).  Under Rule 20(b), the district court may sever
10  claims or parties in order to avoid prejudice.  Fed. R. Civ. P. 20(b).  Courts have also
11  exercised their discretion to sever where "[i]nstead of making the resolution of [the]
12  case more efficient . . . joinder would instead confuse and complicate the issues for all
13  parties involved." <u>Wynn v. National Broadcasting Company</u>, 234 F. Supp. 2d 1067,
14  1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are
15  satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to
16  prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to
17  the [defendants]") (citing <u>Coleman</u>, 232 F.3d at 1296).  The proper remedy for
18  misjoinder is to sever misjoined parties and dismiss claims against them, provided that
19  "no substantial right will be prejudiced by the severance." <u>Coughlin</u>, 130 F.3d at 1350.

20      Defendant X argues that Plaintiff improperly joined the putative defendants
21  because the alleged conduct was not part of the same transaction or occurrence,
22  different factual and legal issues predominate, and concerns of judicial efficiency and
23  fairness to the parties counsel in favor of the Court exercising its discretion to sever.
24  The Court agrees.

25      Plaintiff's "swarm joinder" theory, namely that use of the same peer-to-peer
26  network to download the same files constitutes the same "transaction or occurrence,"
27  has been met with mixed results in the courts.  However, the majority view among
28  district courts within the Ninth Circuit is that allegations of swarm joinder are alone

insufficient for joinder.  See, e.g.,; Hard Drive Prods. v. Does 1-188, 809 F. Supp. 2d 1150, 1160 (N.D. Cal. 2011); Pacific Century Int'l Ltd. v. Does 1-101, No. 11-02533, 2011 WL 2690142 (N.D. Cal. July 8, 2011); Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-5865, 2011 WL 3100404 (N.D. Cal. May 31, 2011); Millennium TGA, Inc. v. Does 1-21, No. 11-2258, 2011 WL 1812786 (N.D. Cal. May 12, 2011).  But see Liberty Media Holdings, LLC v. Does 1-62, No. 11-CV-575, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012) (permitting joinder at early stages of litigation); Call of the Wild Movie v. Does 1-1,1062, 770 F.Supp.2d 332, 338 (D.D.C. Mar. 22, 2011) (permitting joinder because Rule 20(1)(2)(A) "essentially requires claims asserted against joined parties to be 'logically related'..[and that] [t]his is a flexible test and courts seek the 'broadest possible scope of cation.'"(internal citation omitted.)).    Additionally, "[c]ourts around the country . . . have found that allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works are insufficient for joinder of multiple defendants under Rule 20." Boy Racer, Inc. v. Does 1-60, No. 11-01738, 2011 WL 3652521, at *4-5 (N.D. Cal. August 19, 2011); see, e.g., Laface Records, LLC v. Does 1 - 38, No. 07-CV-298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); Interscope Records v. Does 1-25, No. 04-CV-197, 2004 WL 6065737 (M.D. Fla. Apr. 1, 2004) (recommending sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); see also BMG Music v. Does, No. 06-01579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); Twentieth Century Fox Film Corp. v. Does

1-12, No. 04-04862 (N.D. Cal. Nov. 16, 2004) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert).

  Moreover, while Plaintiff alleges that Doe Defendants all reproduced the same file using the same peer-to-peer network, the factual connection between their conduct ends there.  Plaintiff's claims that the defendants conspired to infringe the copyrighted work are "wholly conclusory and lack any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights." IO Group v. Does 1-19, No. 10-03851, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010).  Even assuming the validity of Plaintiff's theory, the Complaint fails to allege facts demonstrating that Doe Defendants actually shared the same file with one another, even unintentionally.  Indeed, the alleged infringing conduct of each Doe Defendant occurred as much as a month apart. (Doc. No. 1-2, Compl. Ex. A.)  Because "a downloader may log off at any time, including before receiving all the pieces of the copyrighted work," the fact that Defendants allegedly shared the same file at different times does not satisfy the requirements for joinder absent more than a mere conclusory allegation of collusion. Malibu Media v. John Does 1-10, No. 12-CV-3623 (C.D. Cal. June 27, 2012) (No. 7); see Malibu Media LLC v. John Does 1-10, No. 12-CV-01642 (C.D. Cal. Oct. 10, 2012) (No. 32) (severing and dismissing defendants where, because alleged conduct occurred at different dates and times, "there [was] no indication that Defendants in each case had any knowledge of or direct contact with one another"); DigiProtect USA Corp. v. Doe, No. 10-CV-8760, 2011 U.S. Dist. LEXIS 109464, at *8-9 (S.D.N.Y. Sept. 26, 2011) (declining to treat Does as having conspired in part because complaint did not allege that Doe defendants accessed the peer-to-peer network at overlapping times).  "To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." In re EMC Corp., Decho Corp, & Iomega Corp., 677 F.3d 1351, 1359 (Fed. Cir. 2012).  Where

1  "the only factual allegation connecting the defendants [is] the allegation that they all
2  used the same peer-to-peer network to reproduce and distribute the plaintiff's
3  copyrighted work [that allegation is] insufficient for joinder of multiple defendants
4  under Rule 20." Boy Racer, 2011 WL 3652521 at *2 (citing IO Group, 2010 U.S. Dist.
5  LEXIS 133717 (internal quotation marks omitted)); cf. In re EMC Corp., Decho Corp,
6  & Iomega Corp., 677 F.3d at 1357 ("[T]he mere fact that infringement of the same
7  claims of the same patent is alleged does not support joinder, even though the claims
8  would raise common questions of claim construction and invalidity."). Severance is
9  proper even though the Doe Defendants allegedly used BitTorrent, a file sharing
10 protocol with the potential to allow many users to simultaneously exchange pieces of
11 a file as a "swarm," rather than older peer-to-peer networks that relied on more discrete
12 transactions. Boy Racer, 2011 WL 3652521 at *4. Doe Defendants' alleged conduct
13 therefore lacks the type of "very definite logic relationship" required to permit joinder.
14 Bautista, 216 F.3d at 842-843.

15      Moreover, at this stage of the litigation, the limited commonality between
16 Defendants' alleged conduct indicates that individual facts and defenses as to each
17 defendant will predominate and joinder would likely confuse and complicate the issues.
18 See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at
19 *11-12 (E.D. N.Y. May 1, 2012). The Court concludes that the interests of avoiding
20 undue prejudice and jury confusion, as well as judicial efficiency and fundamental
21 fairness, are better served by severing these defendants and requiring Plaintiff to file
22 separate cases against each defendant individually. Plaintiff may always seek to have
23 the cases consolidated at a later stage in the litigation if it appears that consolidation
24 is the more expedient approach. See In re EMC Corp., Decho Corp, & Iomega Corp.,
25 677 F.3d at 1360 ("[E]ven if joinder is not permitted under Rule 20, the district court
26 has considerable discretion to consolidate cases for discovery and for trial under Rule
27 42 where venue is proper and there is only 'a common question of law or fact.'").
28 Accordingly, the Court exercises its discretion and determines that severance is proper.

12cv1474

1    See Coleman, 232 F.3d at 1296.

2

3    **II. Motion to Quash Subpoenas**

4         The Court on July 23, 2012 granted Plaintiff's motion to serve third party

5    subpoenas prior to a Rule 26(f) conference. (Dkt. No. 5.) Defendant Doe X moves to

6    quash all outstanding court-authorized subpoenas upon severance, arguing that it is not

7    very likely that the requested subpoenas will identify the true Doe defendants and

8    further that the Court erred in granting Plaintiff's unopposed motion for early

9    discovery.

10        When called upon to do so, district courts must modify or quash a subpoena that,

11   inter alia, 'requires disclosure of privileged or other protected matter, if no exception

12   or waiver applies, or subjects a person to undue burden,'" and district courts "may

13   modify or quash a subpoena that, inter alia, requires disclosing confidential

14   information." See Hard Drive Productions, Inc. at 1150, 1155 (quoting and citing Fed.

15   R. Civ. P. 45(c)(3)(A) & (B), respectively). Here, the Court will revisit the issue of

16   whether its order authorizing the subpoenas at issue here should be modified. Cf. City

17   of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir.

18   2001) (court may alter or amend any interlocutory order for cause seen by it to be

19   sufficient). In short, the Court examines whether good cause continues to exist for the

20   issuance of the subpoenas in this action.

21        The Court granted Plaintiff's motion for early discovery after careful application

22   of the "good cause" test. (Dkt. No. 5.)  The "good cause" test is used to weigh the need

23   for discovery to further justice with the prejudice it may cause the opposing party.

24   Semitool, Inc. V. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

25   The Court applied the test used in internet-related copyright infringement cases: (1) the

26   complaint alleges a prima facie case of copyright infringement, (2) there is no other

27   way to identify the defendant(s) and proceed with the case, and (3) there is a chance the

28   ISP may not preserve the needed contact information. UGM Recordings, Inc. v. Doe.,

No. C 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008); see also Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).   Specifically, the Court held that Plaintiff had properly alleged copyright infringement; showed that discovery request was necessary to identify the defendants since only an ISP can identify the person using the IP address; alleged there was a great risk the needed information will not be maintained without early discovery; defendants were subjected to a limited amount of prejudice because Plaintiff only requested name, address, telephone number, e-mail address and MAC address of each defendant; and, finally, that the requested information was necessary to proceed with the lawsuit. (Dkt. No. 5 at 4.)  The Court notes that the first and third factors are still met.   First, Plaintiff's complaint sufficiently alleges a copyright infringement claim.  As to the third factor, it remains possible that the ISP may not preserve the information without the subpoena.  However, Plaintiff is unable to meet the second factor as there is no longer a need to identify all the defendants to proceed with the case.  Having ordered severance of all Doe defendants except Doe Number 1, Plaintiff can no longer exemplify the need to maintain subpoenas against all Doe defendants.  As there is no need for the early discovery subpoenas, with the exception of Doe Number 1, Plaintiff fails to meet the good cause test as to all Doe defendants. Accordingly, the Court hereby orders all outstanding subpoenas quashed with the exception of the subpoena for Doe Number 1, identified by the IP address below.

### Conclusion

For the reasons stated above, the Court hereby **GRANTS** Defendant's motion and severs all defendants except Doe Defendant at IP address 68.8.53.219 (listed as Doe No. 1 in Exhibit A to the Complaint).  Accordingly, the Court **DISMISSES** the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints. The Court further **GRANTS** Defendant's motion to quash all outstanding subpoenas with the exception of the subpoena issued to Doe Defendant

12cv1474

1    No. 1.  No other subpoena recipient is obligated to respond to subpoenas previously

2    authorized by the Order (Dkt. No. 5).

3        **IT IS SO ORDERED.**

4

5    DATED:  April 16, 2013

6                                              _____
                                               HON. GONZALO P. CURIEL
7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv1474